# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOBBY JOE STEWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cv-350-WTL-DKL |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Bobby Joe Steward brings this action pursuant to 42 U.S.C.A. § 1383(c), which incorporates the procedures found in 42 U.S.C.A. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security that he is not entitled to social security retirement benefits. The Court, having reviewed the record and the briefs of the parties, rules as follows.

Mr. Steward is entitled to receive social security retirement benefits only if he has "40 quarters of coverage." 42 U.S.C.A. § 414(a). A quarter of coverage is earned when a person earns a minimum amount (which varies depending on the year) of wages during a particular calendar quarter. There is no dispute that Mr. Steward earned sufficient wages in the following quarters so that those quarters qualify as "quarters of coverage":

| Year | Qualifying Quarters | Total Qualifying Quarters for Year |
|---|---|---|
| 1958 | Q4 | 1 |
| 1959 | Q1, Q2, Q3, Q4 | 4 |
| 1960 | Q1, Q2, Q3, Q4 | 4 |
| 1961 | Q1, Q2, Q3 | 3 |

| 1962 | Q4 | 1 |
| 1963 | Q1, Q2, Q3, Q4 | 4 |
| 1964 | Q1, Q2, Q3, Q4 | 4 |
| 1965 | Q1, Q2, Q3, Q4 | 4 |
| 1966 | Q1, Q2, Q3, Q4 | 4 |
| 1967 | Q1, Q2, Q3, Q4 | 4 |
| 1968 | Q1, Q2 | 2 |
| 1991 | Q1 | 1 |

In addition, because he served in the armed forces, Mr. Steward benefits from the following provision:

>   (a)     General. In determining your entitlement to, and the amount of your monthly benefit (or lump sum death payment) based on your wages while on active duty as a member of the uniformed service from 1957 through 2001 . . . we add wage credits to the wages paid you as a member of that service. The amount of the wage credits, the applicable time periods, the wage credit amount limits, and the requirement of a minimum period of active duty service for granting these wage credits, are discussed in paragraphs (b), (c), and (d) of this section.

20 C.F.R. § 404.1341(a). The amount of wage credit added is "$300 for each calendar quarter in 1957 through 1977, regardless of the amount of wages actually paid you during that quarter for your service." 20 CFR § 404.1341(b)(2). Mr. Steward did not earn enough in the third quarter of 1958 for that quarter to qualify as a "quarter of coverage." However, because he served in the military during that quarter, a wage credit of $300 is added to his reported wages for that quarter, which then makes that quarter qualify as a "quarter of coverage." Therefore, Mr. Steward has accumulated 37 quarters of coverage.[1]

---

[1] The Administrative Law Judge who considered Mr. Steward's claim failed to give Mr. Steward the $300 credit he was due pursuant to 20 C.F.R. § 404.1341(a) and therefore

Mr. Steward argues that the determination that he has 37 quarters of coverage is incorrect. His argument is based upon his interpretation of 20 C.F.R. § 404.1341, which he reads as providing for an "additional noncontributory, extra, special, free, gratuitous credit" for each quarter in which he served in the military. More specifically, Mr. Steward believes that he is entitled to two quarters of credit for each calendar quarter he spent serving in the military.

Mr. Steward is correct that the purpose of 20 C.F.R. § 404.1341 is to help those who have served in active duty in the military qualify for (or obtain greater) social security retirement benefits that they might not otherwise qualify for because their base wages while in the military were too low. The regulation accomplishes this goal by adding "wage credits" of $300 (for the years at issue in this case) per quarter to the wages the person received for their military service during that quarter. The regulation does not provide for counting a single calendar quarter as more than one "quarter of coverage," however. Indeed, the relevant statute expressly provides that "not more than one quarter of coverage may be credited to a calendar quarter." 42 U.S.C. § 413(a)(2)(B)(iv).

Congress certainly could have passed a statute that provided that every quarter of military service would be credited as two "quarters of coverage" for purposes of determining eligibility for social security retirement benefits. It did not do so, however. What it did was provide for "wage credits" to be added to the amount of wages earned for active military service in a given quarter. When those wage credits are applied in Mr. Steward's case, he is entitled to one additional quarter of credit. Unfortunately, it still leaves him three short of qualifying for social

---

erroneously found that Mr. Steward has 36 quarters of coverage. The Appeals Council recognized the error and issued a decision finding that Mr. Steward has 37 quarters of coverage. This decision became the final decision of the Commissioner of Social Security.

security retirement benefits.  Accordingly, the Commissioner of Social Security's decision is

**AFFIRMED**.

   SO ORDERED: 05/16/2012

                    _____
                    Hon. William T. Lawrence, Judge
                    United States District Court
                    Southern District of Indiana

**COPY BY UNITED STATES MAIL TO:**

**Bobby Joe Steward**
**1900 Mackey Ferry Road**
**Mount Vernon, IN 47620**

Copies to all counsel of record via electronic notification